14771

COKER v. AETNA LIFE INS. CO.

(199 S. E., 694)

*Messrs. McKay & Manning,* for appellant,

*Messrs. Gary Paschal* and *John W. Sholenberger,* for respondent,

November 16, 1938.

The opinion of the Court was delivered by Mr. Justice Bonham.

This action grows out of the issuance by insurance companies of a form of policies known as group policies, by which certain corporations undertook to provide insurance for their employees at a reasonable rate. Unfortunately,

these generous intentions of the corporations did not prove to be always beneficial to the employees but did, usually, entail loss on the corporations.

In 1927, Pacific Mills procured from Aetna Life Insurance Company its Policy No. 3662, by the terms of which the mills were authorized to issue to employees who applied for them, certificates which insured the employee in the amount for which he applied.

The plaintiff herein, being then an employee of the Pacific Mills, applied for and had issued to him Certificate No. 1928, insuring him in the sum of fifteen hundred dollars. The certificate likewise provided for the payment of total and permanent disability benefits.

The master policy provided that the premium should be paid in advance by Pacific Mills; and that each employee, who applied for and received a certificate, should agree with the employer that the employer might deduct from the employee's salary his proportionate share of the premium which the employer assumed and did pay in advance to the insurance company. In other words, the employer paid the whole premium in advance and the employee reimbursed it by authorizing the employer to deduct from the employee's pay envelope sixty cents on the $1,000.00 of insurance. In 1931, the mills elected to change its policy and had issued to it Policy No. 5098, and again in 1932 elected to change its policy, and received from defendant its Policy No. 5351. When Policy No. 5098 was issued, Policy No. 3662 became void and insurance thereunder ceased to be of force. When Policy No. 5351 was issued, Policy No. 5098 became void and insurance thereunder ceased to be effective.

And out of these transactions has arisen this litigation.

The plaintiff alleges in his complaint that the Pacific Mills, acting as agent of the Aetna Life Insurance Company, deducted from the wages of plaintiff ninety cents per month as the premium on the certificate under Policy No. 3662 from 1927 to 1937, and then refused to accept any more premiums from him. That plaintiff has only recently discovered

that his certificate under Policy No. 3662 had been changed; that this was done without his knowledge or consent, and in a high-handed, fraudulent manner with intent to cheat and deceive plaintiff, and deprive him of his rights under the master Policy No. 3662. He asked damages, actual and punitive, in the sum of three thousand Dollars.

The defendant set up a general denial; that Group Policy No. 3662, and all insurance thereunder terminated in accordance with its terms long before the year 1932 and more than six years before the commencement of this action, and the bar of the Statute of Limitations is pleaded. That Group Policy No. 3662 was terminated and that plaintiff knew or should have known that it was terminated; that plaintiff knew or should have known of the termination of Group Policy No. 3662, yet he continued to hold for years the certificates issued to him by his employer under later group policies, and continued to pay his employer, under his agreement with him, contributions in consideration of which his employer continued to carry with the defendant insurance on him until recently. That since the termination of Group Policy No. 3662 and all insurance thereunder prior to 1932, the plaintiff accepted insurance under later group policies and has waived any and all rights, if he had any, under Group Policy No. 3662.

The case was heard by Judge Holman and a jury in the Richland County Court.

On the call of the case, the counsel for plaintiff announced in open Court: "The basis of our action is fraud and deceit, and not breach of contract accompanied by fraudulent act."

The jury found for plaintiff a verdict for $67.00 actual damages and $2,333.00 punitive damages.

Defendant moved for a new trial on the grounds that the verdict was excessive; that there was no evidence of fraud on the part of the mills or the insurance company to justify the verdict; that the only reasonable inference to be drawn from the entire testimony was that in collecting contributions from plaintiff, the mill was acting jointly for

plaintiff and itself and there was nothing to hold the insurance company liable. Under the charge of the Court and the admission of counsel in open Court, there was nothing to sustain a verdict against the defendant. That plaintiff knew, or should have known, in March, 1932, that all insurance under Group Policy No. 3662 had terminated and that he had no further rights thereunder. That the Court erred in admitting the letter of April 23, 1937 (Plaintiff's Exhibit C), which obviously referred to a group policy other than the one sued on. Error in charging the jury as follows:

"The Court: Of course, Gentlemen, if any damages had been sustained by the plaintiff prior to the six-year-period. * * * In other words, if there had been any injury or damage, or any cause of action, or any right that the plaintiff had, the law would require him to bring an action for that within a six-year period, and if he failed to bring it within that period, why, the law would wipe that out, and say that it was barred by that statute.

"Mr. Sholenberger: In that connection, if your Honor pleases, in actions for fraud and deceit, you do not have to bring that action until you discover the fraud, so, those damages would be included, if the fraud was not discovered within the six years.

"The Court: Yes, sir, and in that connection, Gentlemen, I charge you that the duty rests upon one to exercise reasonable care in the discovery of that fraud. One may not just not try to find out about it, or do nothing about it. He must use ordinary diligence in the discovery of it. It is a question of whether a man of ordinary prudence and diligence would have discovered it in that period."

The motion for new trial was refused. Thereupon this appeal followed.

We have been particular to reproduce above the grounds of the motion for new trial because they are practically the same as are the issues embodied in the exceptions. We do not intend to consider them in detail, because in our judgment

there are two fundamental questions involved in this case, the determination of which are decisive of the appeal.

1. Is the Pacific Mills the agent of Aetna Insurance Company in the collection of the premiums from the employees who hold certificates, and in the remittance thereof?

2. Is there proof of fraud and deceit on the part of Pacific Mills as the agent of Aetna Insurance Company in and about the premises set out in the pleadings which justifies holding the insurance company on the verdict found by the jury?

We think the opinion of this Court in *Greer v. Equitable Life Assurance Society*, 180 S. C., 162, 185 S. E., 68, written by Mr. Justice Baker, settles the first question in favor of the contention that Pacific Mills was the agent of Aetna Insurance Company in the premises. In that case the Master Policy provided that [page 70] : "All premiums under this policy shall be payable to the Society by the employer." The application attached to and forming a part of the policy contained this provision: "The cost of this insurance is to be borne jointly by the employer and the employees participating in this insurance." The Court said: "* * * In the instant case the contract is different from the contracts in the other cases heretofore decided by this Court, in that it provides that the premiums are payable to the appellant by the employer (Spartan Mills), but that the cost of the insurance be borne jointly by the employer and the employee, limiting the amount to be paid by the employee to 60 cents per month per $1,000.00. There being no dispute as to these facts, it follows as a matter of law that appellant thereby constituted Spartan Mills its agent to collect and remit the portion of the cost of the insurance to be borne by respondent."

In the present case, the Pacific Mills paid the premiums in advance and collected from the employees by deducting from their monthly pay rolls the amounts they agreed to pay as their contribution to the amount of the premiums. In

other words, the cost of the insurance was borne jointly by the employer and the employee.

On the Master Policy No. 3662, this is found: "Insurance hereunder will be effective only for eligible employees who make written application therefor and agree to contribute the required portion of the premium to the employer." That is a condition of the issuance of the group policy made by the insurance company.

It seems clear that the cost of the insurance was to be borne jointly by the employer and the employee. True, the employer did not wait to collect from the employee before sending in the premiums; nevertheless, he did it with the understanding with the employee that he would pay back 60 cents per $1,000.00 he carried under that policy out of his monthly wages. It took the part which the employer contributed and that which the employee contributed to make up the whole premium.

On the certificate given to plaintiff under Policy No. 3662 was this provision: "The insurance under this plan may be terminated upon failure on the part of the employee to pay the required premium contribution to the employer, or when the employee terminates employment with the Pacific Mills or upon discontinuance of the Group Policy."

Here is further acknowledgement that the costs of the insurance was to be borne jointly by the employer and the employee.

Granting, but without deciding, that this case is governed by the *Greer case,* the crucial question in the instant case is No. 2, above set out—is there any evidence of fraud and deceit practiced by Pacific Mills, if and as the agent of appellant?

We have given unusual and painstaking attention to the evidence in this case. We have parsed it and analyzed it from every point of view and we have arrived at the deliberate and carefully determined conclusion that there is but one reasonable deduction to be drawn from it, and that is that there is no evidence of any fraud

or deceit on the part of the Pacific Mills as the agent of Aetna Life Insurance Company, which would justify or sustain this verdict.

Every step taken by Pacific Mills in the changing or cancellation of group policies was done in accordance with its rights under those policies. The evidence shows conclusively that throughout its transactions with its employees, its main purpose was to help them and to enable them to protect themselves and their families with safe insurance at reasonable rates. It needs only to read all of this evidence with an open and unbiased mind to be confirmed in the opinion that the only fraud and deceit that has been practiced in this case was that practiced by plaintiff when he held on to his certificate under Group Policy No. 3662, and pretended that he never knew that the group policy had been cancelled until just before he brought this action. He admits that he knew in 1932 that Policy No. 5098 had been cancelled. Then common sense must have told him that in order to issue Policy No. 5098, Policy No. 3662 must have been cancelled. What ulterior motive led him to hold on to his certificate under Policy No. 3662 and to continue to pay his 90 cents per month? He was bound to know that the Mills continued to accept his 90 cents per month because they did not know that he had held on to his certificate under Policy No. 3662, but were under the belief that he was paying his monthly premium because he had a certificate under Group Policy No. 5098 or Group Policy No. 5351.

Is the answer to our question found in the fact that the plaintiff had given his age, in the first application, at a date which made him younger than he really was; and in 1937, when his real age was discovered and he was required to pay an additional premium, he discovered that he had, by fraud and deceit on the part of Pacific Mills as the agent of the Aetna Life Insurance Company, been deprived of his valuable insurance rights under Group Policy No. 3662?

We are fully convinced that the plaintiff is not entitled to the verdict that was given him.

The judgment is reversed and the case is remanded with instructions to enter judgment for defendant under Rule 27.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.